# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 12, 2013

Lyle W. Cayce
Clerk

No. 12-50817
Summary Calendar

THERRILL EDWARDS,

Petitioner-Appellant

v.

TRAVIS M. BRAGG, Warden FCI La Tuna,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CV-297

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Therrill Edwards, federal inmate # 30114-034, has applied for leave to proceed in forma pauperis (IFP) in this appeal from the denial of his 28 U.S.C. § 2241 petition for habeas corpus relief. He also asks this court to appoint counsel. By moving to proceed IFP, Edwards challenges the district court's certification that the appeal was not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

According to Edwards, his constitutional rights were violated when a disciplinary hearing officer found him guilty of escape under prison regulations. He asserts that the prison failed to investigate his absence from count and that there was not the requisite "some evidence" to support the hearing officer's finding.

This court reviews a district court's ruling on summary judgment de novo, employing the same standard used by the district court. *McFaul v. Venezuela*, 684 F.3d 564, 571 (5th Cir. 2012). The prison's "failure to follow its own procedural regulations does not establish a violation of due process" absent some showing of resulting prejudice. *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989). Edwards fails to demonstrate prejudice because he has not shown that had prison officials found him sleeping in the dug out during count he would not have been found guilty of escape. Moreover, the defendant's summary judgment evidence shows that he received advance written notice of the charge, he was provided the opportunity to be heard, and there was some evidence to support the disciplinary decision. Edwards thus received all of the process to which he was entitled, and his due process rights were not violated. *See Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563-65 (1974).

Edwards has not shown that his appeal involves legal points arguable on their merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. His motion for the appointment of counsel is likewise DENIED.